LIZZIE KEITH, Appellee, v. MODERN WOODMEN OF AMERICA, Appellant.

**Fraternal insurance:** ESTOPPEL TO DENY LIABILITY. Plaintiff, the beneficiary in a certificate of insurance, notified the insurer of the disappearance of the insured and asked its advice in the premises. Defendant advised plaintiff that it was customary to consider a member dead and to pay his claim after continuous disappearance of seven years; that it would probably be advisable to keep the certificate in force for the next six years if she believed the insured dead, but that if she believed that he is still alive and is concealing his whereabouts, warned her that he would be at liberty to change the beneficiary regardless of her payments. The beneficiary continued to make payments for seven years and the insurer received and retained the same. *Held*, that the insurer was estopped to deny liability on the certificate, although in the meantime it changed its by-laws without her knowledge, so that recovery could not be had on a certificate of a member who had disappeared until the expiration of his life expectancy, in the absence of proof of actual death.

**Pleadings:** REPLY: WHEN TREATED AS PART OF PETITION. Whether a pleading is to be treated as a reply depends more upon its allegations than upon the name given it. Thus where a reply filed after demurrer to one of the defenses had been sustained, but before the

other defenses were withdrawn was explanatory of the petition, to which no motion to strike was made, should not be treated as a reply but as a part of the petition.

*Appeal from Clinton District Court.*—HON. A. J. HOUSE, Judge.

THURSDAY, NOVEMBER 5, 1914.

ACTION on a benefit certificate issued to Nathan Keith and payable to Lizzie Keith, plaintiff, who was his wife. Judgment for plaintiff. Defendant appeals.—*Affirmed.*

*Truman Plantz* and *George G. Perrin*, and *E. L. Miller*, for appellant.

*Carroll Bros.* and *Wolfe & Wolfe*, for appellee.

PRESTON, J.—It is alleged by plaintiff, substantially: That the certificate was issued to deceased June 21, 1899. He had paid all assessments and dues to April 11, 1904, and thereafter plaintiff paid such assessments and dues to and including the year 1911 for and on behalf of said Nathan. That on April 11, 1904, Nathan absented himself from his family and from his usual place of residence, and has concealed his whereabouts, without known cause, and such absence has continued a period of seven years, and that by reason of said absence said Nathan Keith is deemed to be dead, and said plaintiff herein now alleges the fact to be that said Nathan Keith is dead—the exact time and place of his death being unknown to plaintiff. It is further alleged: That at the expiration of the seven years' absence of said Nathan a right of action accrued to plaintiff under the certificate, and that thereafter she furnished to said defendant satisfactory evidence of the death of said Nathan and demanded payment of the amount due her as beneficiary. That at the time of the death of said Nathan he had performed every condition required of him under said

certificate, and that he was at the time of his death a member in good standing in said society. Plaintiff also pleaded an estoppel, as follows: That after the disappearance of the said Nathan Keith, the plaintiff, as beneficiary under the insurance certificate, or policy, through her son, D. W. Keith, notified the defendant of the disappearance of said Nathan Keith and asked for advice as to what she, as beneficiary, had best do under the circumstances, and that the defendant answered by a letter dated February 1, 1905, as follows:

In reply to your inquiry of the 28th January, hereby advise that it is customary to consider a member dead, and to pay his claim, after continuous disappearance of seven years' duration. If you have reason to believe that your father is dead, it would probably be worth your while to keep his certificate in force for the next six years; but if you have any reason to think that he is still alive, and is concealing his whereabouts, I can hardly advise you to do so, as, no matter how much money you may expend in this way, he would be at liberty, should he return, to alter the certificate in a manner compatible with the provisions of our by-laws, as your payment would give you absolutely no claim on the certificate during the lifetime of the member. Yours truly,

C. W. Hawes, Head Clerk M. W. A.

Plaintiff further alleges: That her said request for advice was in writing, and the same is in the possession of defendant; hence she cannot attach a copy hereto. That, acting upon the contents of said letter, the plaintiff kept said certificate, or policy, in force, by paying the assessments and camp dues, for more than six years mentioned in said letter, and up to the time of the commencement of this suit, and by reason of her so paying said assessments and camp dues, as advised in said letter, and relying upon the representations set forth therein, keeping said certificate, or policy, in force for the period stated therein, the defendant is now estopped from denying its liability on the certificate, or policy, sued upon, and is estopped from setting up or relying upon the defenses, or any one thereof, set out in its answer.

Three affirmative defenses were pleaded by the defendant. The third is, in substance, that: Said benefit certificate issued by this defendant to the said Nathan Keith, and the said application of the said Nathan Keith for said benefit certificate, by their terms, both provide that the by-laws of this defendant then in force, or that thereafter might be enacted, shall be binding upon the said Nathan Keith and his beneficiary. It was further averred: That its said by-laws from and after September 1, 1908, contain, among other things, a provision to the effect that no lapse of time, or absence, or disapperance, on the part of any member heretofore or hereafter admitted into the society, without proof of the actual death of such member while in good standing, shall entitle his beneficiary to recover, except as hereinafter provided. That the disappearance or long-continued absence of any member unheard of shall not be regarded as evidence of death, or give any right to recover on any benefit certificate heretofore or hereafter issued, until the full term of the member's expectancy of life, according to the National Fraternal Congress Table of Mortality, has expired within the life of the benefit certificate.

To this defense plaintiff demurred, on the ground that:

The by-law set out in said third affirmative defense in said answer, as amended, as shown by said pleading, was passed and adopted by said defendent society long subsequent to the issuance of the benefit certificate sued hereon, and is an attempt on the part of said defendant society to change and modify the terms of said insurance contract and the time and manner of payment thereof, from the date of the death of the insured, as presumed by law, until the full term of his life expectancy, as shown by the National Fraternal Congress Table of Mortality, shall have expired, and is unreasonable and invalid as a defense. (2) That at the time of the issuance of the benefit certificate herein sued on, and particularly at the time of the passage of the by-law set out in said third affirmative defense and amendment in said answer of said defendant, disappearance, and continuous absence of the insured for a period of seven years as set out in the petition of said plaintiff, the laws of the state of Iowa permitted letters of admin-

istration to be issued on the estate of such absentee under the presumption that such absentee is dead. Therefore the attempted passage and adoption of said by-law is in contravention of law, unreasonable, and void, and no defense to said action.

The demurrer was sustained, to which ruling the defendant duly excepted. On December 10, 1912, the defendant withdrew its general denial contained in the answer, also withdrew the first and second affirmative grounds of defense in its answer, and elected to stand on the balance of its answer, to which the demurrer had been filed and sustained. No further pleadings were filed by defendant.

On the same day, December 10, 1912, the cause came on for further hearing and trial before the court, upon the request of the plaintiff, asking the right to go to the jury on the question as to the date of Nathan Keith's death, and that the jury be requested to make special findings as to the date of his death; and the court, having heard said request and arguments of counsel, and being fully advised, overruled said request of the plaintiff, on the ground that there is no issue made by the pleadings presenting that question; and thereafter, and upon the same day, the cause came on for further hearing and trial upon the pleadings in this cause, and the court, having examined the records and being advised, and the defendant having refused to plead or answer further, finds for the plaintiff on the pleadings for the sum of $2,000, with interest and costs.

I. First, as to the estoppel: We are clearly of the opinion that, from the facts stated in the pleadings, appellant is estopped from claiming that it is not liable for the payment of the certificate at this time. Some cases are cited by appellee, which we think are not quite in point, though principles of estoppel are therein discussed. It is unnecessary to discuss their cases. Defendant cites no authorities on this point. The letter from defendant, and upon which plaintiff acted, is, to a certain

1. FRATERNAL IN-
SURANCE: es-
toppel to deny
liability.

extent, advisory; but plaintiff was told in it that it was cus-
tomary to consider a member dead and to pay his claim after
continuous disappearance for seven years' duration. Then
follows, in effect, an invitation or request to keep up the pay-
ment of assessments and dues, by saying that it would prob-
ably be worth her while to keep the certificate in force if she
believed her husband was dead. The clear implication is that,
if she did keep it in force until the end of seven years, the claim
would be paid. She would be justified in so construing the
letter. True, the letter advised her to not keep the certificate
in force if she did not believe her husband was dead; but even
this suggestion was for her protection, and there is no intima-
tion that even under such circumstances the certificate would
not be paid if she kept it in force. Relying upon these state-
ments, she did keep it in force, and paid the assessments and
dues, for more than six years, or until more than seven years
had elapsed after the disappearance. Defendant kept the
money, and still keeps it, and has not even offered to return
it. She paid the money both before and after the change in
the by-laws, supposing the certificate would be in force. She
was not notified to the contrary, even after the change in the
by-laws. Defendant continued to receive the payments after
such change. Good conscience requires that defendant be not
allowed to now say it is not liable for this claim.

II. But it is said by appellant that plaintiff is not in a
position to rely upon the estoppel because it is pleaded in a
reply. It is true that this matter is set up in what is denom-
2. PLEADINGS: inated a reply. We should, perhaps, refer to
reply: when the state of the record more particularly in
treated as part
of petition. regard to this matter. The demurrer to the
third ground of the answer was filed October 30, 1911, and
sustained January 24, 1912. The so-called reply was not filed
until September 25, 1912. At that time the third ground of
the answer had been disposed of by the ruling on demurrer.
But the two other grounds of the answer had not then been
withdrawn. These two counts or defenses were withdrawn De-

cember 10, 1912, at which time the defendant elected to stand on the third ground of its answer, and the cause was submitted and decided by the court on the pleadings. So that, after the other defenses had been withdrawn, the only question was as to the third count of the answer. As to this, as before stated, the demurrer was sustained, and, defendant refusing to plead further, it was in default for want of a plea. Under the statute (sections 3575 and 3565) the court was authorized to enter judgment without the introduction of evidence. The so-called reply was not withdrawn, and there was no motion by defendant to strike it from the files. The court and counsel proceeded to treat it as though it was a part of the record, as it was.

The question at this point really is, though not argued by counsel for either side, whether under the circumstances of this case the allegations as to estoppel contained in the so-called reply are denied by operation of law, as though it was in fact a reply and the matters therein properly pleaded as such, or whether it should be treated as a part of, or in connection with, plaintiff's petition. It is urged by appellant that, after the demurrer to count 3 of the answer had been sustained and the other counts withdrawn, there was nothing in defendant's pleadings to which a reply could apply, and this we think is true. But, as before stated, this so-called reply still remained a part of the record and of plaintiff's case.

Section 3576 of the Code provides that there shall be no reply, except where a counterclaim is alleged, or where some matter is alleged in the answer to which the plaintiff claims to have a defense by reason of the existence of some fact which avoids the matter alleged in the answer. Section 3622 provides that every material allegation in a pleading, not controverted by a subsequent pleading, shall, for the purposes of the action, be taken as true; but the allegations of the answer, not relating to a counterclaim, and of the reply, are to be deemed controverted. An allegation of value, or amount of damage, shall not be held true by a failure to controvert it, etc.

Under this, in order to be deemed controverted, the reply must have been such. But, as shown, no reply was then necessary, and there was no purpose to be served by a reply. The matter of estoppel could have been properly set up in the petition, or an amendment thereto. We think it does amplify to some extent some of the allegations in the petition, wherein it is alleged that after April 11, 1904, plaintiff continued to pay and has paid all assessments and dues since then, and that deceased had performed every condition required by him under the certificate. We think the statements in the so-called reply may be considered as explanatory of such allegations in the petition as to why plaintiff continued to pay assessments, and to show how the conditions required by the certificate had been performed. This, of course, would not by itself necessarily plead an estoppel. It has been held that whether or not a pleading shall be treated as a reply depends upon its allegations, and not upon the name given it. 31 Cyc. 248. *Hunt v. Johnson,* 105 Iowa, 311, 320, has a bearing. It was there held that a motion to strike a reply, which sets up a new cause of action, should be sustained. Such a motion was made in that case, but overruled by the trial court. The cause was triable de novo in this court, and in the opinion and decision here the court held that the motion to strike should have been sustained, and said:

With this out of the record, there was no prayer for cancellation of the mortgages, and no reference of any kind made to them in the petition.

The inference is that, had there been no motion to strike, the allegations of the reply, though irregular, would have been considered.

Under the record in the instant case, we are of opinion that there was no denial, by operation of law or otherwise, of the allegations in the so-called reply, but that we must consider such allegations in connection with, and as a part of, the petition. It was plaintiff who demanded a jury, and of

the court's refusal to call a jury she does not, of course, now complain. The trial court very properly ruled that, under the pleadings and record as they then stood, there was no issue for the jury.

Our holding on the question of estoppel decides the case, and it is not necessary to discuss the other questions.

The judgment is—*Affirmed.*

LADD, C. J., and EVANS and WEAVER, JJ., concur.